UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH GEORGE PERRY,
    Plaintiff,

v.                                              Case No.: 3:23cv21252/LAC/ZCB

R. CAHN, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff is an inmate of the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Presently before the Court is Plaintiff's amended complaint. (Doc. 8). The Court has screened the amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). For the reasons below, dismissal is warranted because Plaintiff has failed to state a claim upon which relief can be granted.[1]

---

[1] The Court previously identified deficiencies in Plaintiff's original complaint and provided him an opportunity to file an amended complaint. (Doc. 7). Because Plaintiff's amended complaint is also deficient, dismissal is appropriate. *See generally Horn v. Est. of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) (stating that the court should give a *pro se* plaintiff "at least one chance to amend before" the case is dismissed).

1

## I.   Summary of Plaintiff's Factual Allegations[2]

Plaintiff's complaint concerns events that arose on December 5, 2022, when he was housed at Blackwater River Correctional Facility. (Doc. 8 at 5-11). Plaintiff sues GEO Group, the private entity under contract with the FDOC to manage Blackwater River. (*Id.* at 20). He also sues the following prison officials at Blackwater River: Officer Cahn, Sergeant Brown, Captain Cummings, Investigator Holmes, and Classification Officer/Chairman Moore. (*Id.* at 2-3, 19). In addition to the Blackwater River Defendants, Plaintiff sues Z. Culpepper, an official in the FDOC's Central Office. (*Id.* at 19). Plaintiff sues the individual Defendants in their individual capacities. (*Id.* at 2-3, 19).

Plaintiff alleges that on December 5, 2022, he and Inmate Ilido passed a written note to Defendant Cahn stating that they were "in fear of their lives." (*Id.* at 5-6). Officer Cahn ordered Plaintiff and Ilido to go back into their cells, but both inmates refused. (*Id.* at 6). Officer Cahn

---

[2] Contrary to the instructions on the Court's complaint form, Plaintiff's Statement of Facts includes legal arguments, quotes cases, and cites statutes. (Doc. 8 at 4-11). The Court has done its best to separate the actual facts from the legal arguments that are couched as facts. And for purposes of screening Plaintiff's amended complaint, the Court assumes the allegations are true.

notified Defendant Brown, and the two officers escorted Plaintiff and Ilido to administrative confinement pending disciplinary action for disobeying an order. (*Id.*). Plaintiff asked to speak to the shift supervisor, Defendant Cummings, to explain why he refused to obey Officer Cahn's order. (*Id.*). Officer Cahn and Sergeant Brown refused Plaintiff's request to speak with Cummings. (*Id.*). The officers also failed to collect Plaintiff and Ilido's written note from the floor. (*Id.*). Captain Cummings approved the administrative confinement placement without investigating Plaintiff's side of the story. (*Id.* at 6-7).

On December 28, 2022, after the disciplinary proceedings concluded, Plaintiff requested placement in a protective management housing unit where no active gang members would be housed. (*Id.* at 9). Lieutenant Wallace (who is not a Defendant) placed Plaintiff in confinement pending protective management review.[3] (Doc. 8 at 7; Doc. 1 at 5).

---

[3] Protective Management refers to a special management status for the protection of inmates from other inmates in an environment as representative of that of inmates in general population as is safely possible. Fla. Admin. Code r. 33-602.221(1)(h).

Defendant Investigator Holmes interviewed Plaintiff as part of the protective management process. (Doc. 8 at 7, 8). Plaintiff told Holmes that Defendants Cahn and Brown had discarded his and Ilido's written note; and he gave Holmes a second written note stating that he had received gang-related death threats. (*Id.* at 7-8, 11). Holmes reviewed Plaintiff's written note but refused to make it part of the investigative record. (*Id.* at 8, 9, 11). Holmes stated in his report that Plaintiff failed to provide any information that would warrant placing him on protective management. (*Id.* at 8).

The Institutional Classification Team (ICT), which included Defendant Moore, recommended that Plaintiff be placed in protective management. (Doc. 1 at 5; Doc. 8 at 9, 19). The State Classification Office (SCO), which included Defendant Culpepper, disapproved Plaintiff's placement in protective management. (Doc. 8 at 9). Plaintiff was, however, transferred to another institution within one month of his interview with Investigator Holmes. (*Id.* at 8-9).[4] Pending that transfer,

---

[4] The SCO approved Inmate Ilido for placement in protective management and transferred him to an institution with a protective management unit. (Doc. 1 at 5-6).

4

Plaintiff remained in confinement during the protective management review and appeals process. (*Id.* at 9, 11).

According to Plaintiff's allegations in a prior complaint, he was stabbed by another inmate at his new institution and was then transferred to yet another institution. (Doc. 1 at 6).

Plaintiff brings Eighth Amendment claims against all seven Defendants for failing to take reasonable steps to protect him from violence from other prisoners. (Doc. 8 at 12). He seeks $1,000,000 dollars in damages. (*Id.*).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.  Discussion

**A.  Plaintiff has not stated a plausible claim for relief against Defendants Cahn, Brown, Cummings, Holmes, Moore, or GEO**

Plaintiff asserts failure to protect claims against Defendants Cahn, Brown, Cummings, Holmes, Moore and GEO (the "Blackwater River Defendants"). He alleges Cahn, Brown, Cummings, Holmes, and Moore

failed to thoroughly investigate his request for protection and failed to forward all relevant evidence to the SCO (namely, his two written notes).

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). An Eighth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not reasonably respond to the risk. *Id.* at 844; *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

To state a claim of deliberate indifference for failure to protect, a plaintiff must allege facts that permit a reasonable inference that (1) a substantial risk of serious harm existed and was known by the defendant; (2) the defendant's conduct exhibited deliberate indifference to that risk; and (3) a causal connection existed between the defendant's conduct and the Eighth Amendment violation. *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015).

Plaintiff's factual allegations do not satisfy the Eighth Amendment standard with respect to any of the Blackwater River Defendants. The FDOC's administrative rules provide that when an inmate requests protection, the inmate must be placed in administrative confinement

pending review of his request for protection. Fla. Admin. Code R. 33-602.220(3)(c). The rules next require an investigation. *Id.* Once the investigation is complete, the ICT interviews the inmate, reviews all of the available information, and makes a recommendation to the SCO as to whether protective management is necessary. Fla. Admin. Code RR. 33-602.220(3)(c), 33-602.221(2)(c). The SCO, which is at the FDOC's Central Office level, approves, disapproves, or modifies ICT recommendations. Fla. Admin. Code RR. 33-601.209(2), 33-602.220(3)(c), 33-602.221(2)(c)-(d).

Plaintiff's facts do not permit a reasonable inference of deliberate indifference on the part of any Blackwater River Defendant. Plaintiff admits that the ICT, including Defendant Moore, recommended that he be placed in protective management. He claims that Defendants played a role in the SCO's disapproval of that recommendation by failing to forward his written notes to the SCO. But Plaintiff does not allege that either of his notes included information that he could not have verbally relayed to Investigator Holmes and the ICT. Plaintiff also has not alleged that any Defendant knew that the form of Plaintiff's statement (verbal vs. written) mattered to the SCO's review. For these reasons,

8

Plaintiff's allegations do not permit a reasonable inference of deliberate indifference on the part of any Blackwater River Defendant.

Plaintiff's facts also do not permit a reasonable inference of causation because there is no indication that the SCO's disapproval of the ICT's recommendation was caused by the lack of a written, as opposed to verbal, statement from Plaintiff.

On the larger issue of Plaintiff's safety at Blackwater River, Plaintiff's facts do not plausibly suggest that Defendants failed to take reasonable steps to protect him from a substantial risk of serious harm between December 5, 2022 (when he first alerted Defendant Cahn to the threat) and the date of his transfer to another institution in April 2023. Plaintiff acknowledges that during that time, he was in confinement and separated from the general population, in accordance with FDOC rules. Fla. Admin. Code RR. 33-602.220(3)(c), 33-602.221(2)(c).

Plaintiff failed to plausibly state a failure-to-protect claim against any Blackwater River Defendant. For this reason, Plaintiff's Eighth Amendment claims against Defendants Cahn, Brown, Cummings, Holmes, Moore, and GEO should be dismissed, pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B.   Plaintiff has not stated a plausible claim for relief against Defendant Culpepper

This leaves Plaintiff's Eighth Amendment claim against Defendant Culpepper. Plaintiff alleges Defendant Culpepper was "on staff at Central Office team that . . . approves, disapproves, or modifies ICT recommendations." (Doc. 8 at 9). Plaintiff also alleges Culpepper responded to several grievances and appeals (apparently denying them). (*Id.*).

These facts do not permit a reasonable inference of deliberate indifference on Defendant Culpepper's part; nor do they suggest that he responded unreasonably to Plaintiff's request for protection.

"[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 at 837, 844; *see also Cox v. Nobles*, 15 F.4th 1350, 1360 (11th Cir. 2021). On the other hand, "a prison official violates the Eighth Amendment if he responds to a known risk in an objectively unreasonable manner." *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) (cleaned up). "An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly declined to

10

act or if he knew of ways to reduce the harm but recklessly declined to act." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 620 (11th Cir. 2007).

Here, Plaintiff's request for protective management was not approved, but he was transferred out of Blackwater River to another institution. Plaintiff claims that his transfer was an insufficient response because his report of gang-related death threats at Blackwater River put "prison officials" (presumably including Defendant Culpepper) on notice that he required protection from gang members at *all* FDOC institutions. (Doc. 8 at 8-9).

Defendant Culpepper's knowledge that Plaintiff received gang-related death threats from inmates at Blackwater River does not permit a reasonable inference that Defendant Culpepper subjectively knew that Plaintiff faced a substantial risk of serious harm in the general population at any other FDOC institution. Transferring Plaintiff away from the inmates who threatened him was an authorized and objectively reasonable means of resolving Plaintiff's need for protection from the gang-related threats at Blackwater River. *See* Fla. Admin. Code R. 33-

602.220(3)(c)5.;[5] *see, e.g.*, *Porter v. Dixon*, 4:19cv126/WS/MAF, 2022 WL 815866, at *8-9 (N.D. Fla. Feb. 14, 2022) (holding that prison officials were not deliberately indifferent to risk of harm to plaintiff at his current institution where they reasonably responded to the risk by placing him in administrative confinement while evaluating his need for protection and then transferred him to another institution without placing him in protective management), *adopted by*, 2022 WL 815451, at *1 (N.D. Fla. Mar. 17, 2022).

Plaintiff's factual allegations fail to satisfy the plausibility standard for stating an Eighth Amendment claim against Defendant Culpepper.[6] For this reason, the claim should be dismissed, pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

---

[5] That Rule authorizes the SCO to direct that an inmate be placed in a protective management unit *or* transferred to another institution to resolve the inmate's need for protection at the inmate's current location.
[6] As previously discussed, plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that (1) Plaintiff's amended complaint (Doc. 8) be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and (2) the Clerk of Court be directed to close this case.

At Pensacola, Florida this 24th day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.